UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA LEE WALLACH LORRETZ,<br><br>Plaintiff,<br><br>v.<br><br>USPS, et al.,<br><br>Defendants. | No. 2:18-cv-1064-MCE-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

As an initial matter, plaintiff Diana Lee Wallach Lorretz purports to bring this action on behalf of herself and Turuche Lorretz and Joel Dennis Wallach. ECF No. 23 at 1. But Ms. Lorretz is the sole signatory to the complaint and there is no indication from the record that she is an attorney. Unless she is an attorney she may not represent Turuche Lorretz and Joel Dennis Wallach, nor may she sign pleadings on behalf of these individuals. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance

by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Lorretz may not bring claims on behalf of Turuche Lorretz and Joel Dennis Wallach. *See Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

Furthermore, the first amended complaint (ECF No. 23)[2] fails to state a claim and must be dismissed. The amended complaint—which purports to allege claims against Chelsea Clinton, Al Gore, Oprah Winfrey, and the United States Postal Service ("USPS")—consists of unintelligible allegations that fail to suggest, much less support, a cognizable legal claim. ECF No. 23 at 5. Specifically, plaintiff claims that the defendants "don't want to be punished and instead" are trying to get rid of plaintiff. *Id*. She also states that she needs to renew her "registered nurse license, weigh master license," and complete her "other college degrees and credentials . . . ." *Id*. She claims that she reported a federal crime to a USPS employee, but was informed by a judge of this court that a "letter was not delivered." *Id*. She further alleges that defendants have engaged in kidnapping and "use spy equipment such as Audomon [sic] Society in Missouri." *Id*. Lastly, she appears to allege that she should be reunited with Turuche Lorretz and Joel Wallach and awarded $70 million. *Id*. at 6. The amended complaint claims that defendants have violated the First, Second, Thirteenth, and Fourteenth Amendments to the United States Constitution, the Patriot Act, the "Consumer Protection Act Amendment," and a "hundred percent of preamble." *Id*. at 4.

Plaintiff's allegations are insufficient to state a claim upon which relief may be granted. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* The allegations must be

---

[2] Before the court screened the original complaint, plaintiff Diana Lorretz filed a first amended complaint. *See* Fed. R. Civ. P. 15(a) (permitting a plaintiff to amend her complaint once as a matter of course within 21 days after the filing of a responsive pleading). Therefore, the court screens the first amended complaint.

short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

Plaintiff's allegations fall far short of meeting this standard. Accordingly, the amended complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2). Further, it is clear that another amendment cannot cure the deficiencies.[3] Therefore, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend;

2. All other pending motions be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

---

[3] Plaintiff's original complaint was plagued with similar incoherent allegations. For example, plaintiff alleged that the USPS stole her property and kidnapped her. ECF No. 1 at 5. She also claimed that she is a "registered nurse Jew housewife Rancher," and that the USPS stole letters she sent to Mrs. Matsui and "accused this healthy driver of being a corpse . . . ." *Id*. at 7. Plaintiff has also filed more than 40 motions or requests, each filled with statements that are incomprehensible. ECF Nos. 3-22, 24-44. In light of the recommendation that this action be dismissed without leave to amend, those motions and requests are moot.

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE